## OAK BLDG & ROOFING CO V SUSOR

Ohio Appeals, 6th Dist, Lucas County

No 2134, Decided Jan 7, 1929

J. W. Starritt, Toledo, for Oak Co.
Dan H. McCullough, Toledo, for Susor.

RICHARDS, J

The contract contains no provision as to who should bear the loss in case any building on either of the properties should be destroyed before the deeds were executed.

Neither does it contain any provision requiring either of the parties to deliver the land with the buildings thereon in the same condition as when the contract was executed by the parties. The bungalow was destroyed by fire without any fault on the part of the defendants. The contract of sale being unconditional in form, we must regard the purchaser as the equitable owner of the property and the vendor as holding the title for the benefit of the purchaser, and it would therefore result, under such a contract, that the loss by fire must fall on the purchaser.

A quite similar question was involved in the case of **Gilbert & Ives vs Port, 28 Oh St., 276,** although that case was complicated with an option to purchase. The Supreme Court, in delivering the opinion, cite with approval Sugden on Vendors, 8 Am. Ed 291, to the effect that the vendee of the property being the equitable owner from the time of contract of sale, must pay the consideration for it, even though the property be destroyed between the agreement and conveyance. The rule thus indicated appears to have been adopted by a great majority of the authorities.

Maudru vs Humphreys, Admr., 83 W. Va., 307;

McGinley vs. Forrest, 22 A. L. R., 567. The authorities are collected in a note to the last case cited, beginning on page 575.

For the reasons given judgement and decree will be entered for the defendants. WILLIAMS and LLOYD, JJ., concur.